IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FREDRICK S. BENNETT,   Case No. 16-cv-333-pp

      Plaintiff,

v.

OFFICE OF THE CLERK FOR THE
UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF WISCONSIN,

      Defendant.

**ORDER GRANTING THE DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(b)(6) (DKT. NO. 3)**

      On March 3, 2016, plaintiff Fredrick S. Bennett filed a civil complaint in Milwaukee County Circuit Court. Dkt. No. 1-1. The one-page, handwritten summons states:

> I Mr[.] Frederick S. Bennett pause an[d] Say, this is a Summon form against State of Milwaukee, Wisconsin.

Dkt. No. 1-1 at 1 (all caps removed). The plaintiff signed the summons and attached a one-page, handwritten complaint, which states:

> I Mr. Frederick S. Bennet pause an[d] Say, that this is a complaint against the United States District Court Eastern District of Wisconsin Office of the Clerk.
>
> This is a petition for said wishie [sic] thinking an[d] misrepresentation of instruction of duty.
>
> This is a money law suit[] for the sum of 100,100,100,000.

Dkt. No. 1-1 at 2 (all caps removed). The plaintiff signed the complaint.

1

On March 18, 2016, the defendant, the Office of the Clerk for the United States District Court for the Eastern District of Wisconsin, removed the case from state to federal court. Dkt. No. 1. As an aside, it appears that the defendant removed the case under the wrong provision of 28 U.S.C. §1442. The notice cites 28 U.S.C. §1442(a)(3), which allows a party to remove to district court "[a] civil action . . . commenced in a State court that is against . . . [a]ny officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties." The plaintiff, however, has not sued an "officer" of the courts. Rather, he has named the Office of the Clerk for this district—an *agency* of the United States. Title 28 U.S.C. §1442(a)(1) allows the government to remove a case from state court to federal court if the action is "against . . . any agency" of the United States "*for or relating to any act under color of such office* . . . ." Accordingly, §1442(a)(1) and §1446 are the appropriate statutory bases for removal.

Along with the notice of removal, the defendant filed a motion to dismiss, Dkt. No. 3, and a supporting brief, Dkt. No. 4. The motion asks the court to dismiss the case "pursuant to Rule 12(b)(6)." Dkt. No. 3 at 1. The defendant also references an order from 2000 in which Judge "Stadtmueller directed the Clerk of Court to return unfiled any further papers that the plaintiff attempts to file in this district." Id. The court will address Judge Stadtmueller's order as a basis for dismissal first.

Judge Stadtmueller's June 19, 2000 order required the clerk of court to return to the plaintiff, unfiled, "any papers submitted to these courts . . . by or

2

on behalf of" the plaintiff. Dkt. No. 4-1 at 12. As the order explained, in 2000, the plaintiff filed twelve (12) complaints over a three-week period. The complaints contained allegations similar to the claim he raises in the current case. In his June 19, 2000 order, Judge Stadtmueller denied the plaintiff's request to proceed without paying the filing fee, finding that all of the allegations in all of the complaints were frivolous. Because the court found the complaints frivolous, it also dismissed the complaints. The court then "direct[ed] the Clerk of Court to return unfiled any further papers that Bennett attempts to file in this district (in any case)." Dkt. No. 4-1 at 11 (citing Support Systems Int'l, Inc. v. Mack, 45 F.3d 185, 186-87 (7th Cir. 1995)).

In its brief in support of its motion to dismiss this case, the defendant states that the current complaint "must be dismissed by virtue" of Judge Stadtmueller's June 19, 2000 order. Dkt. No. 4 at 1. The court disagrees. Judge Stadtmueller's order requires the clerk of court to return unfiled any papers that *the plaintiff* attempts to file in the Eastern District of Wisconsin. The plaintiff did not attempt to file this complaint in the Eastern District of Wisconsin. To the extent that Judge Stadtmueller's order required the clerk to return papers that *the plaintiff* had filed in this court, it does not apply here because *the plaintiff* did not file the current complaint here.

Judge Stadtmueller's order also required the clerk to return unfiled any papers "submitted to these courts . . . on behalf of [the plaintiff]." Dkt. No. 4-1 at 12. The court supposes that there could be some debate regarding whether, in removing the plaintiff's complaint from Milwaukee County Circuit Court to

3

this court, the defendant "submitted" the complaint "on behalf of" the plaintiff. The court reads Judge Stadtmueller's order, however, as preventing the plaintiff from coming back before the Eastern District of his own volition (either by filing papers here himself, or by asking someone else to do so). The plaintiff did not bring the current case to this court of his own volition. For that reason, Judge Stadtmueller's order did not require the clerk to return the papers unfiled as having been filed "on behalf of" the plaintiff.

It is the defendant who put the plaintiff back in the Eastern District of Wisconsin. The defendant cannot force the plaintiff into federal court, then claim that his case must be dismissed because *he* violated what amounted to a filing bar.

The court agrees with the government, however, that the complaint fails to state a claim for which relief can be granted under Rule 12(b)(6). "To properly state a claim, a plaintiff's complaint must contain allegations that 'plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level.'" Kubiak v. City of Chicago, 810 F.3d 476, 480 (7th Cir. 2016) (quoting EEOC v. Concentra Health Servs., Inc., 496 F.3d 773, 776 (7th Cir. 2007)).

The complaint alleges "misrepresentation of instruction of duty" in the amount of "100,100,100,000." Dkt. No. 1-1 at 2. The plaintiff does not explain who, exactly, the plaintiff believes "misrepresented" the "instruction of duty," what the instruction was, what the duty was, who owed the duty, or how any of that might have injured the plaintiff. It does not state what law the plaintiff

4

believes the defendant has violated, or what Constitutional provision. The court has no way of knowing what the plaintiff thinks the defendant did to him, and if the court can't tell, the defendant can't tell, either. The court finds that the plaintiff has failed to state a claim upon which this court could grant relief.

The court **GRANTS** the government's motion to dismiss (Dkt. No. 3), and **DISMISSES** this case, effective immediately.

Dated in Milwaukee, Wisconsin this 25th day of March, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge